

Villanova University School of Law

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-25-2005

# Salerno v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4549

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Salerno v. Comm Social Security" (2005). *2005 Decisions.* Paper 350.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/350

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 04-4549

———————

MARLENE T. SALERNO,
                                    Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———————

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civil Action No. 03-cv-01642)
District Judge:  Hon. Gustave Diamond

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 19, 2005

BEFORE:  SMITH, STAPLETON and NYGAARD, <u>Circuit Judges</u>

(Opinion Filed October 25, 2005)

———————

<u>OPINION OF THE COURT</u>

———————

STAPLETON, Circuit Judge:

The District Court granted summary judgment to the Commissioner in this social security disability case. It accurately described the findings of the ALJ as follows:

> After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairment of back pain secondary to scoliosis and mild osteoarthritis, that impairment does not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.
>
> The ALJ also found that plaintiff retains the residual functional capacity for the full range of medium work activity. Relying on the testimony of a vocational expert, who classified plaintiff's past relevant work as a waitress and cook as medium unskilled work, the ALJ concluded that plaintiff is capable of performing her past relevant work in light of her age, education, work experience and residual functional capacity. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

App. at A-2. The Appeals Council denied review.

Petitioner's sole argument on this appeal, as before the District Court, is that the ALJ improperly evaluated the medical evidence in arriving at his residual functional capacity finding. Specifically, she insists that the ALJ erred in giving more weight to an opinion of Dr. Kumar, a non-examining state agency reviewing psychologist, than to the opinions of plaintiff's treating physician, Dr. Catena, and the consultive examiner, Dr. Jew. For essentially the reasons set forth in the thorough opinion of the District Court, we agree that there was no improper evaluation of the medical testimony and that the ALJ's residual functional capacity finding was supported by substantial evidence.

2

As the ALJ explained at some length, Dr. Catena's assessment was inconsistent with the clinical medical evidence of record, including his own prior records. Accordingly, the ALJ was not required to give that assessment controlling weight. Similarly, the restrictions found by Dr. Jew were inconsistent with the medical evidence of record, including the results of his own physical examination of petitioner.

The ALJ found that Dr. Kumar's assessment was entitled to greater weight because it was more consistent with the objective medical findings. He explained this at some length, pointing to substantial record evidence supporting his opinion.

The judgment of the District Court will be affirmed.